UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21829-CIV-ALTONAGA

**CARLOS REYES**,

    Movant,
v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

### ORDER

**THIS CAUSE** comes before the Court on Movant, Carlos Reyes's Amended Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 9], filed on July 18, 2022.[1] The Amended Motion presents four grounds for relief, each based on alleged ineffective assistance of counsel. (*See generally* Am. Mot.). Respondent filed a Response [ECF No. 11],[2] to which Movant filed a Reply [ECF No. 12]. The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Amended Motion is denied.

### I. BACKGROUND

On February 11, 2020, Movant was indicted on charges of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1), and 841(b)(1)(A)(ii) (Count I); and attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1), and 841(b)(1)(A)(ii) (Count II).

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

[2] The Response includes 12 exhibits. (*See generally* Resp., Exs. 1–12 [ECF Nos. 11-1–11-12]).

(*See* Indictment [Cr. ECF No. 1] 1–3).[3]

### A. **Offense Facts**

The Indictment stemmed from an investigation by the Hialeah Police Department, which used a confidential informant to facilitate the cocaine transaction for which Movant was charged and convicted. (*See* Resp. 3; Oct. 13, 2021 Trial Tr. [Cr. ECF No. 82] 71:16–72:19). Through a Colombian drug trafficker nicknamed "El Crespo," the confidential informant was connected with a drug trafficker from the Dominican Republic known as "Borrachin." (*See* Oct. 13, 2021 Trial Tr. 78:25–79:9). The confidential informant and Borrachin arranged a drug deal whereby the confidential informant would sell six kilograms of cocaine, with three of the kilos being sold "on credit" and vouched for by El Crespo. (*Id.* 84:2–10). Borrachin set the price of the cocaine at $23,000 per kilogram. (*See* Gov't's Final Ex. List, Ex. 16, Borrachin-Informant WhatsApp Messages [Cr. ECF No. 59-9] 12).

Borrachin provided several phone numbers to the confidential informant of individuals who might buy the cocaine. (*See id.* 4). One of the phone numbers Borrachin provided belonged to Movant. (*See* Oct. 13, 2021 Trial Tr. 81:4–17).

On November 12, 2019, the confidential informant called Movant. (*See* Gov't's Final Ex. List, Ex. 3, Informant-Movant Call Transcript [Cr. ECF No. 58-2] 1). Movant told the confidential informant that he could meet on Saturday afternoon. (*See id*. 1–2). Two days later, Movant called the confidential informant again and said, "they were telling me now that is has to be done Thursday." (*Id.* 2). Movant requested the confidential informant send him a location to meet "so we can sit down and talk about logistics . . . and then I'll give you the documents." (*Id.* 2–3

---

[3] Citations to docket entries in the instant case, case number 22-21829-Civ, are referenced as "ECF No." Citations to docket entries in the underlying criminal case, case number 20-cr-20075, are referenced as "Cr. ECF No."

(alteration added)).

Movant flew from Newark, New Jersey to Fort Lauderdale, Florida on November 13, 2019. (*See* Gov't's Final Ex. List, Ex. 8, Nov. 13, 2019 Boarding Pass [Cr. ECF No. 58-7]). On November 14, 2021, Movant met with the confidential informant at a restaurant in Hialeah, Florida. (*See* Oct. 12, 2021 Trial Tr. [Cr. ECF No. 81] 118:4–23]). During the meeting, Movant handed the confidential informant $70,600 in cash. (*See id.* 123:18–131:20).

Approximately two hours later, Movant and the confidential informant met at a warehouse. (*See* Oct. 13, 2021 Trial Tr. 89:20–90:20). There, an undercover detective for the Hialeah Police Department, Detective Acosta, presented Movant with seven kilograms of cocaine. (*See* Oct. 12, 2021 Trial Tr. 143:13–19). Movant inspected one of the kilograms. (*See id*. 142:13–143:8). He then agreed to buy six kilograms of cocaine. (*See id*. 144:19-25). Movant was subsequently indicted for his participation in this criminal activity. (*See generally* Indictment).

### B.     Trial and Sentencing

Movant's case proceeded to trial on October 12, 2021, concluding on October 19, 2021. (*See generally* Paperless Minute Entries [Cr. ECF Nos. 38, 40, 41, 44]). The jury found Movant guilty of both counts, finding that Movant conspired to possess with the intent to distribute 500 grams or more of cocaine. (*See generally* Verdict [Cr. ECF No. 43]).

Prior to sentencing, Movant filed Objections to the [Presentence Investigation Report] and Request for Downward Variance and/or Departure [Cr. ECF No. 68]. Movant requested a sentence of 63 months. (*See id*. 10). On January 27, 2022, the Court sentenced Movant to 63 months' imprisonment as to each of Counts I and II, to be served concurrently, followed by four years of supervised release. (*See generally* J. [Cr. ECF No. 80]). The Court also assessed a $15,000 fine. (*See id*. 6).

Movant did not file a notice of appeal. Instead, on June 6, 2022, Movant filed his First Motion Under [Section] 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 1] (the "First Motion"). On June 17, 2022, the Court entered an Order [ECF No. 6] instructing Respondent to file a limited response presenting its position on whether Movant had procedurally defaulted his claims. (*See generally id.*). On July 13, 2022, Respondent filed its Response to the First Motion [ECF No. 7], asserting that Movant had procedurally defaulted his claims. (*See generally id.*).

On July 22, 2022, Movant filed his Reply to the First Motion [ECF No. 8] and his Amended Motion. On August 16, 2022, the Court entered an Order [ECF No. 10] instructing Respondent to file either an amended response or a notice indicating its position had not changed. (*See generally id.*). Respondent opted for the former and filed its Response on August 24, 2022; on September 7, 2022, Movant filed his Reply.

## II. LEGAL STANDARDS

### A. Section 2255

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides "extremely limited" grounds for collateral attack on final judgments under section 2255. *United States v. Marsh*, 548 F. Supp. 2d 1295, 1300 (N.D. Fla. 2008); *see generally* 28 U.S.C. § 2255. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F. 3d 1190, 1194 n.8 (11th Cir. 2011).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466

U.S. 668, 684–85 (1984). This includes not just the right to the presence of counsel, but also "the right to the effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 24 (2013) (alterations added; citation omitted). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687–88; *see also Harrington*, 562 U.S. at 104. To establish deficient performance, the movant must show that, considering all the circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). And "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690 (alteration added).

A court's review of counsel's performance should "only" focus on "what is constitutionally compelled" and not merely "what is possible or 'what is prudent or appropriate[.]'" *Chandler v.*

*United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)) (alteration added; footnote call number omitted). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

To satisfy *Strickland*'s prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694 (alteration added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the movant makes an insufficient showing on one of the prongs. *See id.* at 697; *see also Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III. DISCUSSION

Movant asserts four grounds for relief, all stemming from instances of purported ineffective assistance of counsel. (*See generally* Am. Mot.). In Ground One, Movant argues counsel was ineffective for failing to present an entrapment defense at trial. (*See id.* 4). In Ground Two, Movant claims counsel was ineffective for "failing to identify a one[-]man [c]onspiracy on [the] [I]ndictment." (*Id.* 5 (alterations added)). In Ground Three, Movant asserts counsel was ineffective for failing to raise "numerous errors and discrepancies in the case and the legal procedure itself." (*Id.* 7). In Ground Four, Movant argues counsel was ineffective for "failing to identify [c]harge and [s]entence manipulation by [the] prosecution." (*Id.* 8 (alterations added)).

Respondent contests each of Movant's assertions and argues that Movant's claims are procedurally defaulted. (*See generally* Resp.). While Movant's claims are not procedurally defaulted, the Court otherwise agrees with Respondent. Movant has not demonstrated his counsel

was ineffective.

    A.    **Procedural Default**

Respondent first argues that the Amended Motion should be denied as procedurally defaulted. (*See* Resp. 6–12). "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a [section] 2255 proceeding.'" *McKay*, 657 F.3d at 1196 (alteration added; quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). Yet, "ineffective-assistance-of-counsel claims" are not subject to this bar and may be raised for the first time in a collateral attack on a final judgment under section 2255 rather than on direct appeal of the judgment. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Respondent insists that the First Motion is procedurally defaulted, and the Amended Motion is as well, because the latter merely "repackag[es] the same arguments from the [First] Motion, nominally as ineffective assistance of counsel claims." (*Id.* 2 (alterations added)). The Court does not agree.

Respondent cites *Post v. United States* to argue that second or subsequent motions under section 2255 cannot simply reframe arguments that were previously raised in an attempt to overcome a procedural barrier. (*See id.* 10 (citing 129 F. App'x 565, 567 (11th Cir. 2005))). In *Post*, a prisoner first filed a motion under section 2255, raising an ineffective-assistance-of-counsel claim; when that was motion was denied, he then filed a motion under Federal Rule of Civil Procedure 60(b)(3) to vacate the denial. *See Post*, 129 F. App'x at 566. Rule 60 motions attacking the denial of a section 2255 motion are only permitted if they allege "fraud upon the federal court which led to the denial of the habeas petition." *Id.* at 567 (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1278 (11th Cir. 2004)). In *Post*, the prisoner's Rule 60 motion did not allege fraud; therefore, the court construed the motion as a successive section 2255 motion and denied it.

*See id.* at 566.

In affirming, the Eleventh Circuit noted that the prisoner's "allegations do not state a claim that fraud was perpetrated on the habeas court. Instead, he reframes the ineffective assistance of counsel claims that he made in his prior [section] 2255 as fraud claims pursuant to Rule 60(b)(3)." *Id.* at 567 (alterations added).

*Post* does not compel denial of the Amended Motion as procedurally barred. Movant's Amended Motion is, simply put, not a motion brought under Rule 60(b). (*See generally* Am. Mot.). "Most of the provisions of Rule 60(b), which vest courts with broad discretion to reopen judgments on a wide variety of grounds, are inconsistent and irreconcilable with the AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications[.]" *Gonzalez*, 366 F.3d at 1271 (first alteration adopted; second alteration added; citation and quotation marks omitted). While that rationale might have applied to the separate, second motion in *Post*, it does not apply to the Amended Motion here.

Further, unlike the prisoner in *Post*, Movant has not raised ineffective-assistance-of-counsel claims before. Again, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under [section] 2255." *Massaro*, 538 U.S. at 509 (alteration added). Accordingly, Movant has not procedurally defaulted his ineffective-assistance-of-counsel claims.

    **B.**    **Ineffective-Assistance-of-Counsel Claims**

    *i.*    *Ground One*

Movant argues that his counsel was constitutionally ineffective because he failed to present an entrapment defense at trial and relied instead on a denial-of-facts defense. (*See* Am. Mot. 4).

Movant claims that "[e]ntrapment was the obvious defense" because the confidential informant sold cocaine to Movant — as opposed to purchasing it from Movant — and offered cocaine to Movant on credit. (*Id.* (alteration added)). According to Respondent, "it was a reasonable strategy for counsel not to assert entrapment at trial . . . in efforts to avoid the dangers of formally arguing entrapment (*i.e.*, admitting [Movant] intended to purchase the cocaine)." (Resp. 14 (alterations added) (citing *Balbuena v. United States*, No. 11-21168-Civ, 2011 WL 6025656, at *15 (S.D. Fla. Nov. 3, 2011), *report and recommendation adopted*, No. 11-21168-Civ, 2011 WL 6020148 (S.D. Fla. Nov. 30, 2011), *aff'd*, 523 F. App'x 588 (11th Cir. 2013)))).[4]

Movant does not show that defense counsel rendered ineffective assistance. *See Strickland*, 466 U.S. at 687. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (quoting *Strickland*, 466 U.S. at 693). "The test has nothing to do with what the best lawyers would have done. . . . [The court] ask[s] only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992) (alterations added).

Movant's claim that defense counsel performed ineffectively is contradicted by the record. In his opening statement, defense counsel stated that Movant did not intend to purchase cocaine. (*See* Oct. 12, 2021 Trial Tr. 80:1–86:25). During cross-examination, defense counsel questioned both Detective Acosta and the confidential informant regarding their roles in offering cocaine to Movant. (*See* Oct. 13, 2021 28:11–32:22 (cross-examining detective on call logs purporting to show Movant was "pushed" into the drug purchase); *id*. 101:13–103:4 (cross-examining the

---

[4] "[E]ntrapment is an affirmative defense [] ordinarily requiring admission that one engaged in the alleged acts." *United States v. Blanton*, 793 F.2d 1553, 1564 (11th Cir. 1986) (alterations added; citations omitted).

confidential informant on whether he "induce[d] [or] persuade[d] [Movant] to commit a crime" (alterations added))).

Perhaps most notably, defense counsel — during the parties' conference with the Court regarding the jury instructions — conferred with Movant regarding whether to request an entrapment instruction. (*See id.* 167:13–16). After this conferral, defense counsel confirmed Movant was not asking for an entrapment instruction. (*See id.* 168:9–16). Rather, Movant's "position was slightly more nuanced." (*Id.*). Defense counsel intended to "argue that what [law enforcement] did was wrong, but . . . that's different. And since [Movant] [does not] want to admit that [he] committed the crime, [he] [would] not ask for an entrapment instruction." (*Id.*).

In other words, it was "sound trial strategy" for defense counsel not to present a formal entrapment defense. *Chandler*, 218 F.3d at 1314 (noting that "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy" (citation and quotation marks omitted)). There was an obvious strategic advantage to not presenting a formal entrapment defense — not doing so meant Movant did not have to admit to committing the crime. *See, e.g.*, *Rolon v. United States*, No. 09-cr-20710, 2015 WL 13898763, at *17 (S.D. Fla. 2015) ("It is apparent that trial counsel attempted to take advantage of an entrapment defense without formally proceeding with such a defense in order to avoid the associated pitfalls of asserting an entrapment defense . . . . [This] performance was constitutionally effective[.]" (alterations added)), *report and recommendation adopted*, No. 09-cr-20710, WL 13898764 (S.D. Fla. Aug. 31, 2015); *see also Balbuena*, 2011 WL 6025656, at *15 (explaining that "in light of the proffered evidence" in a drug sting case, "it was more than reasonable for [defense] counsel not to pursue a defense of entrapment" (alteration added)).

Further, defense counsel's conferral with Movant — before informing the Court that the

defense was not seeking an entrapment instruction — suggests that defense counsel was following Movant's directive. (*See* Oct. 13, 2021 Trial Tr. 167:13–16); *Chandler*, 218 F.3d at 1318 (noting that because "the reasonableness of counsel's acts . . . depends 'critically' upon . . . 'the petitioner's own statements or actions[;]' evidence of a petitioner's statements and acts in dealing with counsel is highly relevant to ineffective assistance claims" (alterations added; other alteration adopted; citation omitted)).

Based on this record, defense counsel's failure to raise a formal entrapment defense and instead pursue a denial-of-the-facts-of-the-crime defense, was not constitutionally ineffective. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314 (alterations added).

Even if defense counsel acted deficiently, Movant does not demonstrate that his defense was prejudiced. *See Strickland*, 466 U.S. at 687. To establish prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694). Here, Movant has not shown a reasonable probability that the jury would have acquitted him had it been presented an entrapment defense. *See id.*

To succeed on the entrapment defense, Movant would "bear the initial burden of producing evidence . . . on the question of whether the [G]overnment's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." *United States v. Grajales*, 450 F. App'x 893, 898 (11th Cir. 2012) (alterations added; citation omitted). This requires "an element of persuasion or mild coercion[,]" as the "mere suggestion of a crime or initiation of contact is not enough." *United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995) (alteration added; citations omitted); *see also* Eleventh Circuit Criminal Pattern Jury Instructions

(2022) S13.1 ("[I]t's not entrapment for a Government agent to pretend to be someone else and offer — directly or through another person — to engage in an unlawful transaction." (alteration added)).[5]

Movant would not have been able to establish inducement because the overwhelming evidence established Movant's willingness to purchase the cocaine. Movant advanced the date to purchase the cocaine from Saturday to Thursday. (*See* Ex. 3, Informant-Movant Call Transcript 2). Days after talking on the phone with the confidential informant, Movant flew from New Jersey to Florida. (*See* Ex. 8, Nov. 13, 2019 Boarding Pass; Gov't's Final Ex. List, Ex. 9, Avis Rental Agreement [Cr. ECF No. 58-8]). Movant gave the confidential informant $70,600 in cash during their first meeting. (*See* Oct. 13, 2021 Trial Tr. 88:11–89:5).

Upon seeing seven kilograms of cocaine, Movant did not leave or act surprised, but rather inspected one of the kilograms. (*See id.* 143:4–8). Throughout, Movant never expressed any reluctance or delay. "[A] defendant's ready commission of the charged crime" can be enough to demonstrate his "predisposition" to commit the crime, thus defeating an entrapment defense. *Brown*, 43 F.3d at 625 (alteration added; citations omitted).

At bottom, even if defense counsel performed incompetently — which he did not — Movant has not demonstrated prejudice.

 ii.   *Ground Two*

In Ground Two, Movant argues that defense counsel failed to "[i]dentify a one[-]man [c]onspiracy on [the] [I]ndictment[.]" (Am. Mot. 5 (alterations added)). According to Movant, this constituted ineffective assistance of counsel because "[t]he [G]overnment must properly

---

[5] The Court relies on the PDF version of the Current Criminal Pattern Jury Instructions (last revised in March 2022). The PDF is available at *Pattern Jury Instructions*, United States Court of Appeals for the Eleventh Circuit, https://www.ca11.uscourts.gov/pattern-jury-instructions (last visited Mar. 29, 2023).

identify at least one co-conspirator since the illegal informant that initiated the conspiracy by law cannot be a co-conspirator." (*Id.* (alterations added)). Respondent argues that the Government proved Movant conspired with a second conspirator other than the confidential informant. (*See* Resp. 7 ("[T]he Government proved Borrachin as the second conspirator, and testimony showed Crespo also was a conspirator as the person vouching for the cocaine on credit." (alteration added))).

Movant cannot show defense counsel performed ineffectively because Movant's argument has no legal basis; thus, defense counsel was not constitutionally obligated to raise it. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." (alteration added; citation omitted)). Even though Movant was the only individual indicted, the Indictment did not allege a "one[-]man conspiracy[.]" (Am. Mot. 5 (alterations added); *see generally* Indictment). "'Although a charge of conspiracy necessarily must allege the involvement of more than one person . . . it is perfectly permissible to indict and try a single member of a properly alleged conspiracy." *Belfast v. United States*, No. 12-20754-Civ, 2013 WL 594023, at *9 (S.D. Fla. Feb. 14, 2013) (alteration in original; quoting *United States v. Vonstein*, 105 F.3d 667 (9th Cir. 1996) (unpublished)).

Movant was properly charged in Count I with conspiracy to possess with intent to distribute; the Indictment charged that Movant "did knowingly and willfully combine, conspire, confederate, and agree *with other persons* known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance[.]" (Indictment 1 (alteration and emphasis added)). The Indictment's reference to co-conspirators suffices as a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c); (*see*

Indictment 1–3); *see also United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (affirming order denying bill of particulars where the defendant otherwise had knowledge of the identities of unindicted co-conspirators).

The Court agrees with Respondent that Borrachin was identified as another co-conspirator. (*See* Resp. 7). Movant spoke directly with Borrachin to facilitate the purchase of cocaine. (*See* Ex. 3, Informant-Movant Call Transcript 2). Movant called the confidential informant on November 12, 2019 and referenced talking with Borrachin, telling the informant "*they* were telling me now that it has to be done on Thursday . . . so what I told *them* was that you said it would be on Saturday . . . *they're* in a bit of a hurry . . . I'll confirm tomorrow to see what time we can make it for Thursday." (*Id* (alterations and emphases added)). Movant also showed up at the drug deal with the correct amount of money to purchase 3 kilograms of cocaine at $23,000 per kilogram, a price that was negotiated between Borrachin and the confidential informant. (*See* Oct. 13, 2021 Trial Tr. 86:15–18).

Given on the record, defense counsel did not act ineffectively when he failed to raise a futile challenge on the basis that a "one[-]man conspiracy" was charged in the Indictment. (Am. Mot. 5 (alteration added)); *see Bolender*, 16 F.3d at 1573.

    iii.    *Ground Three*

In Ground Three, Movant claims his counsel was ineffective for failing "to raise proper arguments." (Am. Mot. 7). Specifically, Movant asserts that defense counsel "forg[ot] his own questions during [] cross[-]examination and ask[ed] the court to repeat them." (*Id.* (alterations added)). Movant also claims that defense counsel failed to cross-examine the confidential informant on his immigration status and regarding how the informant's actions violated the

contract between the informant and the Hialeah Police Department. (*See id.* 7). The Court disagrees with each of these assertions.

Movant claims defense counsel "forg[ot] his own questions" (*id.* (alteration added)); defense counsel did, at times, ask for his questions to be read back — for example, when the witness did not understand the question (*see* Oct. 13, 2021 Trial Tr. 59:23–60:8). This is hardly constitutionally ineffective performance; rather, the Court agrees with Respondent that this was defense counsel's attempt "to control adverse witnesses." (Resp. 15 n.9).

Further, defense counsel did in fact cross-examine the confidential informant and the detective on the informant's legal status and contract. (*See* Oct. 13, 2021 Trial Tr. 24:11–27:17 (cross-examining detective and asserting the informant breached his contract by selling cocaine rather than purchasing it); *id.* 32:23–33:8 (cross-examining detective on the informant's immigration status); *id.* 93:1–95:24 (cross-examining the informant about his visa status); *id.* 103:5–105:10 (cross-examining the informant about posing as a seller where his contract allowed him to pose as a buyer)).

In short, Movant's claim that defense counsel did not raise the issues he complains of in Ground Three (*see* Am. Mot. 7) is demonstrably false.

    iv.    *Ground Four*

In Ground Four, Movant claims his counsel was ineffective for "failing to identify [c]harge and [s]entence manipulation by [the] prosecution." (Am. Mot. 8 (alterations added)). Specifically, Movant asserts that the Indictment was "multiplicious [sic]" because it charged attempt and conspiracy under 21 U.S.C. section 846 as separate counts. (*Id.*; *see* Indictment 1–3). Movant also argues that it was improper to sentence him in reference to 21 U.S.C. section 841(b)(1)(a) because he was not convicted of violating section 841(a)(1). (*Id.*; *see generally* J.). Movant's

15

arguments are legally unfounded; accordingly, defense counsel did not perform ineffectively by failing to raise them. *See Bolender*, 16 F.3d at 1573.

A defendant may be charged and convicted separately for attempt and conspiracy under 21 U.S.C. section 846. *See United States v. Cochran*, 883 F.2d 1012, 1018 (11th Cir. 1989), *superseded by rule on other grounds as stated in United States v. Diaz-Clark*, 292 F.3d 1310, 1318 (11th Cir. 2002) ("Because each offense requires proof of different facts . . . we have held that prosecuting a defendant on attempt and conspiracy charges does not violate double jeopardy even though both offenses arose out of a single narcotics transaction." (alteration added; citations omitted)). Therefore, the Indictment properly charged Movant with separate counts based on attempt and conspiracy (*see generally* Indictment); because the Indictment was proper, defense counsel's lack of objection to it was not constitutionally ineffective. *See Bolender*, 16 F.3d at 1573.

Similarly, defense counsel did not err by failing to object to Movant's sentence under 21 U.S.C. section 841. (*See generally* J.). Although Movant was not formally charged with a separate violation of section 841, Count I of the Indictment alleges Movant conspired "to possess with intent to distribute a controlled substance, in violation of [21 U.S.C. section 841(a)(1)]; [and] of [21 U.S.C. section 846]." (Indictment 1 (alterations added)). The penalties for an individual — such as Movant — who is convicted under 21 U.S.C. section 846 for attempt or conspiracy are "the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

The object of the conspiracy alleged in Count I was to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. section 841(b)(1)(A)(ii). (*See* Indictment 1–2). As such, Movant was properly sentenced under section 841(b)(1)(A)(ii). *See United States*

*v. Richards*, 167 F. App'x 119, 120 (11th Cir. 2006) (upholding application of sentence prescribed in 21 U.S.C. section 841(b)(1)(A)(ii) to defendant convicted of conspiracy to distribute and possess with intent to distribute in violation of 21 U.S.C. section 846).

In sum, defense counsel did not act ineffectively by failing to challenge any non-existent "[c]harge and [s]entence manipulation by [the] prosecution." (Am. Mot. 8 (alterations added)).

### C. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has described the limited circumstances when a certificate of appealability should properly issue after the district court denies a habeas petition:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alterations added). Upon consideration of the record, the Court concludes that Movant has not satisfied this burden, and thus there is no basis to issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence **[ECF No. 9]** is **DENIED**.

2. A *certificate of appealability* is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Movant is not

   entitled to appeal *in forma pauperis*.

  3.  The Clerk of Court is directed to **CLOSE** this case.

  **DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2023.

              _____
               **CECILIA M. ALTONAGA**
               **CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
   Movant, *pro se*